02-10-348-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00348-CR

 

 


 
 
 BRANDON LEE NIX
 
 
  
 
 
 APPELLANT
 
 


 

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM COUNTY
 CRIMINAL COURT AT LAW NO. 3 OF DENTON
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

On May 5,
2010, after finding that Appellant Brandon Lee Nix violated the terms and
conditions of his community supervision, the trial court adjudicated Nix guilty
of, and sentenced him to 120 days’ confinement for, misdemeanor theft of
property with a value of $50 or more but less than $500.  See
Tex. Penal Code Ann. § 31.03(e)(2)(A)(i) (Vernon 2003).

Nix’s
motion for new trial was due June 4, 2010, but it was not filed until June 7,
2010.  See Tex. R. App. P. 21.4(a). 
Therefore, his notice of appeal was also due June 4, 2010.  See
Tex. R. App. P. 26.2(a).  On August 20,
2010, Nix filed his notice of appeal with a motion to extend time to file the
notice of appeal.[2]

On
September 9, 2010, we notified Nix’s counsel of the apparent untimeliness of
the appeal; requested that he advise whether the motion for new trial was
properly addressed, stamped, and mailed by the United States Postal Service to
the proper trial court clerk on or before June 4, 2010; stated that any
response must be filed on or before September 20, 2010; and stated that the
appeal would be dismissed for want of jurisdiction if the court determined that
the appeal was not timely perfected.  See Tex. R. App. P. 9.2(b)(1), (2).[3]  We have received no response.

 A notice of appeal that complies with the
requirements of rule 26 is essential to vest this court with jurisdiction.  See
Tex. R. App. P. 26.2(a)(1) (providing that notice of appeal must be filed
within thirty days of sentencing). The court of criminal appeals has expressly
held that, without a timely filed notice of appeal or motion for extension of
time, we cannot exercise jurisdiction over an appeal.  Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Because there has been no showing that Nix’s
motion for new trial was timely filed, his notice of appeal was correspondingly
untimely.  Therefore, we dismiss the
appeal for want of jurisdiction.  See Tex. R. App. P. 43.2(f).

 

                                                                             
 
 
 
 
 
 
 
 PER CURIAM

 

PANEL:  
 
 
 
 
 
 
 MCCOY, 
 
 
 
 
 
 MEIER and 
 
 
 
 
 
 GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 14, 2010











[1]See Tex. R. App. P. 47.4.





[2]We
denied Nix’s motion to extend time to file his notice of appeal on September
27, 2010, because without a showing that the motion for new trial was timely
filed, the motion to extend time to file the notice of appeal was also
untimely.  See Tex. R. App. P. 26.3.





[3]Under
rule of appellate procedure 9.2(b), a notice of appeal is timely only if it was
deposited with the United States Postal Service on or before the last day for
filing and received by the trial court within ten days after the filing
deadline.  Tex. R. App. P.
9.2(b)(1).  Our September 9, 2010 letter
also listed the items that we would accept as evidence of proof of mailing.